## Hutchison's adm'r and heirs *vs.* Sinclair.

<span style="float:right">CHANCERY.</span>

Error to the Scott Circuit; JESSE BLEDSOE, Judge.

<span style="float:right">Case 55.</span>

*Evidence. Conveyances: Certiorari. Pleading in Chancery. Interogatories. Severance. Practice in this Court.*

Judge MILLS delivered the opinion of the court.

<span style="float:right">June 6.</span>

THIS bill, filed by Sinclair, states that he and James G. Hutchison were joint purchasers of a tract of land, stated in this record, sometimes at 112 acres, and in other parts 108 acres; and that they received from their vendors, the heirs of Henderson, a joint conveyance; that the price was $2,000, and of this sum Hutchison paid $1,322, and the complainant only $878, which left the complainant in debt to Hutchison the amount of $322. That Sinclair sold his moiety in the land, and conveyed it to Hutchison, at the price of $30 per acre, and the $322 was to be a part of the payment or consideration, after it was lessened by some other accounts and demands due from Hutchison to Sinclair, which demands are specified in the bill. That Hutchison has died insolvent, or nearly so, except as to the land; that he made a nuncupative will, and disposed of the land, first to his wife for life, then to her offspring, with which she was supposed *enceinte*, and if there was no offspring, to his brothers and sisters. That his father and his widow had administered on his personal estate, and paid it away in discharge of debts. That Hutchison, in his life time, had sold a part of the land to a certain Solomon Crumbaugh, and that since the death of Hutchison, cred-

<span style="float:right">Allegations of Sinclair's bill.</span>

<div style="float:left">Hutchison's adm'r & h's vs. Sinclair.</div>

itors had obtained judgments against his administra- tors, and his father as heir at law, and had sold by execution all the lands, except a small portion which is held by his widow as dower. The purchase from Hutchison in his life, and the several purchasers un- der executions, as well as the administrators and widow, the brother and sisters, are made defen- dants, and a prayer annexed that the lien for the purchase money, may be enforced against the land so sold. There was neither bond or note given by Hutchison to Sinclair the complainant.

<div style="float:left">Answer of the Hutchi- sons.</div>

The administrators answered the bill separately, both contesting the right of the complainant to any relief.

<div style="float:left">Answer of the purchaser of the land.</div>

All the brothers and sisters of James G. Hutchi- son, whose interest depends on the nuncupative will, are silent; and as to them, the bill is taken as con- fessed, except Mrs. Lowry, who is a sister provided for in the will. But she does not, in her answer, take the character of a devisee under the will, but as a creditor; for it was by virtue of an execution in her name, as executrix of her husband, that the land was sold, and she became the purchaser, and re-sold it to other purchasers, who appear and con- test the complainant's right to relief.

<div style="float:left">Decree of the circuit court.</div>

The court below settled the account between the parties, and decreed a considerable sum in favor of the complainant, and directed a sale of the land in discharge thereof. To reverse this decree, the de- fendants below have prosecuted this writ of error.

Various questions are made by the assignment of error; and some of them respect the interest of the defendants themselves. They dispute rank among each other. There is a purchaser from the dece- dent, the tenant in dower, and the creditors or pur- chasers under them all, who contend that the part held by them ought to be privileged. We will first examine the complainant's right to any relief under the circumstances of the case.

<div style="float:left">Acknowledg- ment, in a deed of the</div>

He is aware that his claim on the face of his deed, is against him *prima facie;* and he charges that the sum for which he sold his moiety is greater than his

conveyance to Hutchison expresses it, and he admits that the deed expresses a payment, or acknowledges the consideration paid; all which imposed upon him the *onus probandi*, especially as he had not any counter writing, but rests on the assumpsit of the intestate, Hutchison.

HUTCHISON's adm'r & h's. vs. SINCLAIR.

receipt of the consideration money, is but *prima facie* evidence of the fact, and may be disproved by the grantor.

As he had no writing evidencing the debt, and the conveyance of the land expresses the consideration paid, according to his own statement, he might be well aware that there was some difficulty in his road. It is true, that the receipt of the money, acknowledged on the face of the deed might be only *prima facie* and not conclusive evidence, of payment. But it imposed upon the complainant, the necessity of producing clear proof, that there was a balance due. This deed, however, is not in the record. It seems to have been there during the progress of the cause in the court below.

The commissioner appointed to settle the accounts, uses it, and descants upon its effect. So strong is the evidence that this deed is part of the record, that, if its production tended to affirm the decree of the court below, we should have no hesitation in sending a *certiorari* for it *ex officio*. But as it is a rule of practice in the court, not to award a *certiorari*, *ex officio*, where the part of the record absent has a tendency to reverse the decree or judgment of the court below, and the party here, who seeks to reverse this decree, has chosen to risque the trial without its production; we shall accordingly decide the cause without the deed, knowing, if it was here, that it could not aid the unsuccessful party.

This court will award a *certiorari* where the part of the record absent may tend to affirm the decision, and in such case only.

Without, therefore, enquiring whether the complainant here could or could not be allowed to prove a greater consideration than his deed expresses, and taking his case to be, as his bill expresses it, a case where the burden of proof lies on him, we find one difficulty in the road of the complainant, which we are not able to remove, in attempting to sustain this decree; and that arises in the pleadings.

The answer of the decedant's father, as one of the administrators and heir at law, insists that the

Where the defendant alleges a fact which must necessarily be within complainant's knowledge, and calls on him by interrogatory to answer to it.

HUTCHISON'S adm'r & h's. vs. SINCLAIR.

conveyance rightly expresses a payment; that James G. Huchison really paid to Henderson's heirs the whole price in the original purchase; and that the complainant failed to pay any; and that it was in discharge of this demand, and for this cause, the complainant conveyed to Hutchison. This answer, he makes a cross bill, and appeals to the oath of the complainant to say; whether this be, or be not, the fact. To this charge the complainant makes no reply, although he has answered other allegations in this answer. This he evades, and the point to which he is called to respond, touches facts which must be within his own knowledge; and his silence on them must, of course, operate against him, and that conclusively; or so much so, that he cannot be allowed to introduce evidence to prove the fact otherwise than his admission makes it to be, so long as that admission stands. To do so, would be permitting his proof to overturn what his own acts had settled against him.

*and complainant evades it in his response, the fact shall be considered admitted, and cannot be disproved by evidence.*

The answer given to this argument, by the counsel for the complainant, is, that the bill charges the consideration money not to be paid, and that the answer on this point, is only responsive, and raises no new matter and refers it to the oath of the complainant, and that the act of assembly which allows an answer to contain interrogatories to the complainant, only permits new matter to be thus asked and answered, of course the silence of the complainant on this point in the answer, which more properly responds to the bill, ought not to prejudice him.

*That such fact had been denied by the complainant in his bill, and his bill framed on that ground, does not alter the case—he must answer on oath.*

We are unwilling to give the statute so limited a construction. The bill of the complainant here, is not sworn to, and the defendant had a right to question every fact contained in the bill, and to appeal to the oath of the complainant for the truth thereof. If the complainant sees cause to evade an answer, where the subject matter must, from its nature, rest in his own knowledge, his bill cannot aid him; and the fact must be taken as against the bill, and he be precluded from proving the contrary. The testimony adduced conducing to show that the payment was not made, is not of the most satisfactory kind,

If it could be heard; but whatever its merits may be, it must be disregarded in the consideration of the case.

It is however insisted, that this difficulty rests on the answer of Hutchison, the father, and a failure to reply thereto, and that before the hearing of the cause, he has refused to prosecute the writ of error, and has been severed, and of course he cannot be benefited by this state of the pleadings being in his favor and against his adversary. We might concede, that if this point operated in his favor alone, we should not feel disposed to reverse the decree, for the purpose of granting him relief, which he refuses to receive. But he is an administrator, and, with the widow of the decedant, the proper representative of the personal estate. The decedant died childless, and he, as the father, is the heir at law, and properly represents the realty; and as the nuncupative will cannot pass the land, the legal title is in him, till divested. Under him, the defendants, holding as creditors, claim title, as his title as heir has been sold under execution. His severance cannot therefore prejudice the interest of others, with whom he fails to prosecute. Their interest must be decided, in all respects, as if he had not been severed. He, who is severed, may get clear of costs, or may jeopardize his own interest; but he cannot affect the interest of others by the severance. That remains as if he was still a party, and the reversal will be as obligatory as if he had continued. Every fact, therefore, which the administrator who has been severed, has made appear to the prejudice of the complainant and benefit of others, must still operate to the benefit of these others concerned.

The fact being admitted by the complainant's silence, that the payment has been made, there is no lien, and consequently the decree must be reversed with costs, and the cause be remanded, with directions to dismiss the bill with costs.

*Chinn* for plaintiffs; *Lyle* and *Depew* for defendant.

HUTCHISON'S adm'r & h's. vs. SINCLAIR.

In the suit of alienor against administrator, widow, heirs and purchasers of alienee, to subject the land for the purchase money, the effect of the evasion by complainant of an allegation and interrogatories put by adm'r, is not diminished by adm'rs refusal to prosecute in this court, to reverse the decree against himself and others.